IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

ELIAS AYALA,
c/o The Kaplan Law Firm
1100 N Glebe Road, Suite 1010
Arlington, VA 22201

       Plaintiff,

                               Case No. 1:19-cv-00888

       v.

QUINN'S 1776, LLC,
Serve:
United States Corporation Agents, Inc.
4445 Corporation Lane, Suite 259
Virginia Beach, VA 23462

REESE GARDNER,
Quinn's on the Corner
1776 Wilson Boulevard
Arlington, VA 22209

JODY HESSLER,
Quinn's on the Corner
1776 Wilson Boulevard
Arlington, VA 22209

       Defendants.

## COMPLAINT

1.     Plaintiff brings this lawsuit for violations of the Fair Labor Standards Act ("FLSA") and of state law arising from Defendants' failure to pay Plaintiff's wages at the required regular rate and at the required overtime rate for overtime work.

### THE PARTIES

2.     Plaintiff Elias Ayala was an employee of Defendants from approximately early 2017 to approximately January 13, 2019.

3.      Plaintiff Ayala's principal duties were as a waiters' assistant, busboy, and janitor at Quinn's on the Corner, the restaurant/bar owned and managed by Defendants.

4.      Defendant Quinn's 1776, LLC ("Quinn's) owns and operates a restaurant/bar located at 1776 Wilson Boulevard in Arlington, Virginia.

5.      Quinn's was an employer of Plaintiff.

6.      Defendant Reese Gardner was a principal owner and active manager of Quinn's and at relevant times oversaw Plaintiff Ayala's work.   Gardner was directly involved in personnel decisions at Quinn's, including by firing employees with whom he was dissatisfied.

7.      Gardner was an employer of Plaintiff.

8.      Defendant Jody Hessler was at relevant times Operations Manager and an active participant of the management of Quinn's and knew of Plaintiff's work schedule and supervised Plaintiff.   Toward the end of Plaintiff's employment Hessler was effectively acting as general manager of Quinn's.

9.      Hessler was an employer of Plaintiff.

**JURISDICTION, VENUE, AND TOLLING AGREEMENT**

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case includes a claim that arises under federal law.

11.     This Court has supplemental jurisdiction over related state law claims pursuant to 28 U.S. Code § 1367.

12.     A substantial portion of the wrongful acts alleged in this Complaint occurred in the Eastern District of Virginia. Venue lies in this Court pursuant to 28 U.S.C. § 139.

13.     Plaintiff and certain of the Defendants entered into a tolling agreement relating to the claims asserted in this Complaint, tolling the statute of limitations from February 22, 2019 through August 22, 2019 or the date this lawsuit is filed, whichever earlier occurs.

### THE CONDUCT AT ISSUE

14.     Plaintiff regularly worked at Defendants' establishment.

15.     Plaintiff's rate of pay was less than the minimum wage of $7.25.  For the initial period of Plaintiff's employment Plaintiff's rate of pay was $5.50 per hour.  This purported rate was subsequently increased, but, because Plaintiff regularly actually worked far more hours than the hours for which he was paid, his actual hourly wage for much or all of the hours worked was less than $7.25 per hour.  No exception to the minimum wage requirement permitted Plaintiff to be paid at less than the minimum wage.

16.     During his employment Plaintiff regularly worked substantially more than forty hours in a workweek.  As way of example, during the last few weeks of Plaintiff's employment Plaintiff regularly worked over fifty hours per week.

17.     Plaintiff was not paid at a time-and-a-half rate for all or almost all of all the work he performed in excess of forty hours in a workweek, as required by law.

18.     As a result of their conduct in overseeing Plaintiff Ayala's labors, all Defendants were "employers" within the meaning of the Fair Labor Standards Act and Virginia employment law.

19.     The obligation to pay overtime and the minimum wage is well known in the business community and this obligation was known to Defendants who intentionally (or, in the alternative, recklessly) failed to comply with it.

20.     Each Defendant is jointly and severally liable to Plaintiff for all of Plaintiff's damages.

## CAUSES OF ACTION

21.     Plaintiff seeks relief for the causes of action set out below.

## COUNT 1
## VIOLATION OF FLSA (FAILURE TO PAY MINIMUM WAGE)

22.     The foregoing paragraphs are incorporated herein.

23     Defendants' conduct, in not paying Plaintiff the required $7.25 per hour minimum wage, violated the minimum wage provision of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, which requires that the minimum wage be paid for each hour worked.

24.      Pursuant to 29 U.S.C. § 216, Plaintiffs are entitled to damages of double the amount that should have been paid plus reasonable attorneys' fees and the costs and expenses of litigation.

## COUNT 2
## VIOLATION OF FLSA (UNPAID OVERTIME)

25.     The foregoing paragraphs are incorporated herein.

26.     Defendants' conduct, in not paying Plaintiff at a time and one half rate for hours worked in excess of forty during a workweek, violated 29 U.S.C. § 207, which requires that employees be paid at such a rate for such overtime work.

27.      Pursuant to 29 U.S.C. § 216, Plaintiffs are entitled to damages of double the amount that should have been paid plus reasonable attorneys' fees and the costs and expenses of litigation.

**COUNT 3**
**VIOLATION OF THE VIRGINIA MINIMUM WAGE ACT (FAILURE TO PAY MINIMUM WAGE)**

28.     The foregoing paragraphs are incorporated herein.

29.     Plaintiff pleads this count in the alternative to Plaintiff's other claims.

30.     Plaintiff seeks damages pursuant to this provision of law only to the extent that it does not prevent or reduce his damages from what he would be entitled to if this claim were not asserted.

31.     Defendants' conduct in paying Plaintiff nothing or less than the minimum wage for certain hours worked violated Va. Code Ann. § 40.1-28.10, which requires that employees be paid a specified minimum wage for each hour of work.  Pursuant to Va. Code Ann. § 40.1-28.12, Defendants are liable to Plaintiff in the amount required to bring his hourly wage rate up to the minimum wage, plus interest at eight per centum per annum upon such unpaid wages, said interest to be awarded from the date or dates said wages were due, plus reasonable attorneys' fees and the costs and expenses of litigation.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment, jointly and severally against each Defendant, as follows:

a) An award of double the amounts Defendants should have paid Plaintiff pursuant to the FLSA that were not paid.

b) Pre and post judgment interest.

c) An award to Plaintiff of reasonable attorneys' fees, expenses of litigation and costs of this action.

d) Such further relief as the Court deems necessary and proper.

Dated: July 5, 2019                     Respectfully submitted,


By:  /s/ Matthew B. Kaplan
Matthew B. Kaplan
VSB No. 51027
The Kaplan Law Firm
1100 N. Glebe Road, Suite 1010
Arlington, VA 22201
Telephone: (703) 665-9529
Email: mbkaplan@thekaplanlawfirm.com
*Counsel for Plaintiff*

By:  /s/ Lenore C. Garon
Lenore C. Garon
VSB No. 39934
Law Office of Lenore C. Garon, PLLC
2412 Falls Place Court
Falls Church, VA 22043
Telephone: (703) 534-6662
Email: lenore@lenorecgaron.com
*Counsel for Plaintiff*